Herman D. FRANCK et al., Plaintiffs,

v.

The CARBORUNDUM COMPANY et al., Defendants.

Nos. C–71–278, C–73–0146 and C–74–0177 AJZ.

United States District Court, N. D. California.

Aug. 30, 1977.

---

Hoberg, Finger, Brown, Carlson, Cox & Molligan, Stephen T. Cox, Richard C.

Raines, San Francisco, Cal., Dinkelspiel, Pelavin, Steefel & Levitt, Richard C. Dinkelspiel, Stephen S. Mayne, Joel Zeldin, San Francisco, Cal., for Franck, et al.

McCutchen, Doyle, Brown & Enersen, John N. Hauser, James L. Hunt, Carl Lippenberger, Thomas W. Rowland, San Francisco, Cal., Joseph M. Cesarik, Asst. Gen. Counsel, The Carborundum Co., Niagara Falls, N. Y., for The Carborundum Co.

Heller, Ehrman, White & McAuliffe, M. Laurence Popofsky, Paul Alexander, John B. Hancock, San Francisco, Cal., Kaye, Scholer, Fierman, Hays & Handler, Fred A. Freund, Randolph S. Sherman, William J. Thomashower, Kenneth A. Hicks, New York City, John J. Ursu, Thomas A. Boardman, Minnesota Mining & Manufacturing Co., St. Paul, Minn., for Minnesota Mining & Manufacturing Co.

## ORDER DISMISSING HORIZONTAL PRICE–FIXING CASE.

ZIRPOLI, District Judge.

Before the court is defendants' motion to dismiss plaintiffs' horizontal price-fixing claim pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The horizontal price-fixing case consists of the allegation that defendants Minnesota Mining & Manufacturing Company and The Carborundum Company, and former defendant The Norton Company, conspired to fix the prices of coated abrasive products during the years 1960–1974.

Plaintiffs' evidence in support of the horizontal price-fixing case has consisted of designated documents produced from defendants' files in the course of discovery and the testimony of witnesses whose depositions have already been taken, and who are not within the subpoena power of this court. In addition, at the request of the court, defendants have arranged for Stanley W. Thiele, Robert Ackerberg, Frederick J. Ross, William H. Sargent, and Bernard R. Carney to appear as witnesses before the court, primarily in order that plaintiffs might have the opportunity of testing their credibility.

Having considered all of the documentary evidence and having heard and evaluated the testimony of the witnesses heretofore listed, the court finds that defendants' Rule 41(b) motion is timely and should be granted, on the ground that, upon the facts and the law, plaintiffs have shown no right to relief.

As the Ninth Circuit has held, proof of "actual agreement or mutual consent" is the essential prerequisite for finding a Sherman Act conspiracy. *Hanson v. Shell Oil Company*, 541 F.2d 1352, 1359 (9th Cir. 1976), *cert. denied*, 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977). This litigation, which has involved nearly seven years of discovery, has produced no evidence, documentary or otherwise, that would support a finding that defendants, by actual agreement or mutual consent, were committed to increase, fix or otherwise stabilize coated abrasive prices during the relevant time period. Moreover, though proof of a Sherman Act conspiracy may take the form of inferences drawn from circumstantial evidence, such inferences are proper only when they may be reached by logic or reason and not on the basis of speculation or conjecture. *United Shoppers Exclusive v. Broadway-Hale Stores, Inc.*, 1966 Trade Cases § 71,727 (N.D.Cal.1965). The evidence of record in this case simply cannot support an inference of illicit conduct, because plaintiffs' theories concerning the conspiracy alleged herein would require that the court engage in unsupported speculation in order to find in favor of the plaintiffs. Even plaintiffs' attempt to bolster the evidentiary inadequacies of their case by putting on live testimony of the aforementioned individuals has done nothing to improve their case, because the court is satisfied that the credibility of the witnesses it has observed and heard has not been impeached.

In short, plaintiffs have failed to bear their burden of proof by a preponderance of the evidence that the conspiracy herein alleged in fact existed. Neither the documentary evidence of record nor the live testimony presented to the court would sup-

port a finding of conspiracy, whether such a finding be based upon direct evidence or upon inferences properly reached from circumstantial evidence. Plaintiffs have not determined that any of the activity demonstrated to have occurred during the relevant time period was not activity properly responsive to the normal realities of the business market.

In view of the above, therefore, defendants' motion for dismissal of plaintiffs' horizontal price-fixing case, pursuant to Rule 41(b), is granted. Unless there is a waiver, defendants are directed to prepare findings as provided in Rule 52(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.